Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Lorena Garcia-Bautista, SBN 234091
lorena.garcia@eeoc.gov
Natalie Nardecchia, SBN 246486
natalie.nardecchia@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3032
Facsimile: (213) 894-1301

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TRES HIJAS BERRY FARMS, LLC; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT—TITLE VII**<br>- **CIVIL RIGHTS**<br>- **EMPLOYMENT DISCRIMINATION**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on sex (female) and (male), and to provide appropriate relief to the Charging Party and other aggrieved individuals who were adversely affected by such practices. As set forth in detail in this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendant Tres Hijas Berry Farms, LLC ("Defendant") violated Title VII by subjecting Charging Party and similarly aggrieved individuals to sex discrimination, including harassment based on sex (female) and (male) resulting in a hostile work environment, and by constructively discharging and/or retaliating against them for opposing unlawful employment practices and engaging in protected activity.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Central District of California.

## PARTIES

3. Plaintiff is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Tres Hijas Berry Farms, LLC was

and is a California limited liability corporation continuously doing business in the State of California and the County of Ventura, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaging in an industry affecting commerce under Section 701(b), (c), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (c), (g), and (h).

6. Defendant owns and operates, year-round, a ranch that is located in Camarillo, California. Defendant is an agricultural company that is in the business of growing raspberries that it later harvests, seal-packs, and sells to a berry company.

7. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

8. Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF THE CLAIMS

9. More than thirty days prior to the institution of this lawsuit, the Charging Party filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

10. On or about February 11, 2021, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII. The Commission invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. The Commission engaged in conciliation communications with Defendant. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On or about September 13, 2021, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

### Statement of Claims

14. Charging Party, a female employee, began working for Defendant in 2014 as a berry harvester at Defendant's Camarillo ranch. She worked for Defendant until July 2019, when she was forced to resign from employment.

15. Since at least October 2018, Defendant has engaged in unlawful employment practices in violation of §§ 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a), by subjecting Charging Party and similarly aggrieved employees to ongoing, unwelcome, severe or pervasive sexual harassment, and creating and maintaining an offensive, abusive, intimidating and hostile work environment because of sex (female) and (male). For example:

a. During their employment, Charging Party and a class of similarly aggrieved individuals were subjected to frequent, ongoing, inappropriate, unwelcome, and offensive conduct of a sexual nature by Defendant's male supervisor. The supervisor's conduct included but was not limited to, frequent inappropriate sexual comments. This supervisor consistently propositioned Charging Party and similarly aggrieved individuals, asking them out on dates, to be in a relationship with him, and/or to engage in sexual acts with him. He looked the employees up and down, leered at them in a sexually suggestive manner, rubbed his hands together, commented on their physical appearances, and licked his lips in a sexually suggestive manner.

b. Charging Party and similarly aggrieved individuals feared being alone with this supervisor because of his sexual advances. This supervisor constantly violated employees' personal space by being very close to them, rubbing against them, touching or groping them, and simultaneously making sexually suggestive comments and advances.

c. Defendant's supervisor, mentioned above, also engaged in *quid pro quo* sexual harassment toward Charging Party. For instance, he refused to approve Charging Party's repeated requests to take time off of work because, as he told her, she did not "give [him] anything in return." He also threatened to terminate another female employee if she did not have sex with him.

16. Since at least 2018, Defendant knew or should have known of the hostile work environment at its ranch. The sexually charged and inappropriate actions and comments by the male supervisor were ubiquitous, open, frequent, and consistent in nature. Such behavior and comments were often within earshot or plain sight of Defendant's other managers and supervisors.

17. As early as 2018, Charging Party and other similarly aggrieved employees complained verbally and in writing to supervisors and management about the harassment and hostile work environment they endured.

18. Despite having actual and constructive notice of the harassment herein, Defendant failed and refused to take prompt and appropriate action to stop the harassment and the resulting hostile work environment.

19. Defendant did not properly handle the complaints made by Charging Party and similarly aggrieved employees. For instance, when Charging Party complained to a manager about the sexual harassment, instead of investigating the complaint, the manager told her to not pay attention to the harassing supervisor, and not to complain further. Defendant failed to monitor the workplace, failed to properly investigate and to respond to complaints, discouraged additional complaints from being made, and failed to implement necessary remedial measures to end the harassment.

20. As a result of Defendant's failures to take prompt and effective remedial measures, the sexual harassment continued unabated. The harassment was unwelcome and sufficiently severe or pervasive to alter the terms and conditions of the Charging Party and others' employment and created a hostile work environment.

21. Defendant's unlawful practices also included subjecting Charging Party and similarly aggrieved individuals to retaliation for complaining about the harassment and engaging in protected activity. For example:

a. Charging Party engaged in activity protected under federal law by complaining verbally and in writing about the sexual harassment. Namely, the Charging Party complained verbally to a manager and again in writing to management regarding the sexual harassment by the male supervisor. Charging Party also filed a charge of discrimination. After she complained to Defendant, and as a result of her protected activity, the male supervisor retaliated against Charging Party by moving her to a different work area and isolating her from her co-workers; he then threatened to fire Charging Party. This supervisor further harassed and intimidated Charging Party by getting in close proximity to her, leering at her, and telling her that no one would believe her if she complained again; he bragged that nothing would happen to him because she and others were only workers. Charging Party's requests for leave were denied by this supervisor and other managers.

b. Due to this ongoing retaliatory harassment and intimidation, the sexually hostile work environment, and the failures by Defendant to take remedial measures, Charging Party was constructively discharged. She resigned in July 2019.

c. Other similarly aggrieved employees engaged in protected activity by making complaints to Defendant both in writing and verbally. A female employee was retaliated against after she complained. Specifically, after she complained in writing and verbally, this female employee was forced to remain under the supervision of the same harassing supervisor. Then, Defendant laid her off approximately one month after she complained in writing of sexual harassment.

22. The effect of the practices complained of above has been to deprive Charging Party and other aggrieved employees of equal employment opportunities and otherwise adversely affect their working conditions because of their sex.

23. The unlawful employment practices complained of above were intentional.

24. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Party and similarly aggrieved employees.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices in violation of Sections 703(a) and 704(a) of Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs to ensure that it would not engage in further unlawful practices in violation of Sections 703(a) and 704(a) of Title VII.

C. Order Defendant to make the Charging Party and the Claimants whole by providing compensation for past and future non-pecuniary losses, pursuant to Title VII, resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

D. Order Defendant to pay the Charging Party and the Claimants punitive damages, pursuant to Title VII, for its malicious or reckless conduct as described above, in amounts to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

# JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:  March 24, 2022	Respectfully Submitted

CHRISTOPHER LAGE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By:	_____
ANNA Y. PARK,
Regional Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION