Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Lorena Garcia-Bautista, SBN 234091
lorena.garcia@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Phone: (213) 785-3008
Fax: (213) 894-1301

Attorneys for Plaintiff

Jonathan F. Light, SBN 101049
jlight@lightgablerlaw.com
Michael Brody, SBN 238757
mbrody@lightgablerlaw.com
Brier M. Setlur, SBN 273335
bsetlur@lightgablerlaw.com
LightGabler LLP
760 Paseo Camarillo, Suite 300
Camarillo, CA 93010
Phone: (805) 248-7208
Fax: (805) 248-7209

Attorneys for Defendant

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TRES HIJAS BERRY FARMS, LLC; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 2:22-cv-01919-MWF(Ex)<br><br>**CONSENT DECREE**<br><br>Hon. Michael W. Fitzgerald<br>U.S. District Judge |

## I.    INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendant Tres Hijas Berry Farms, LLC ("Defendant") hereby stipulate and agree to entry of this Consent Decree to resolve the Commission's Complaint, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The EEOC alleges Defendant engaged in unlawful employment practices by subjecting a Charging Party and other similarly situated individuals to a sexually hostile work environment and/or retaliation in violation of §§703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a), 2000e-3(a). Defendant denies the allegations.

## II.    PURPOSES AND SCOPE OF THE CONSENT DECREE

In the interest of resolving this matter, the Commission and Defendant (hereinafter "the Parties") have agreed that this action should be finally settled by entry of this Consent Decree ("Decree"). This Decree shall be binding on and enforceable against Defendant and its officers, directors, agents, successors, and assigns. The scope of this Decree is companywide. Defendant has represented that it has closed its operations and is currently awaiting the State of California to approve the dissolution of Defendant The Parties have entered into this Decree for the following purposes:

A.    To provide appropriate monetary and injunctive relief;

B.    To ensure that Defendant's employment practices comply with Title VII;

C.    To ensure a work environment free from discrimination, harassment, and/or retaliation;

D.    To ensure training for Defendant's managers, supervisors, leads, human resource and other employees with respect to their obligations and rights under Title VII;

F.    To provide an appropriate and effective mechanism for receiving and handling discrimination, harassment, and/or retaliation complaints in the workplace; and

G.    To avoid the time, expense, and uncertainty of further litigation.

## III.   RELEASE OF CLAIMS

A.    The Parties agree that this Decree completely and finally resolves all claims made in the EEOC's Complaint filed in this action in the United States District Court, Central District of California on March 24, 2022, captioned *U.S. Equal Employment Opportunity Commission v. Tres Hijas Berry Farms, LLC, et al.*; Case No. 2:22-cv-01919-MWF-Ex (hereafter "Action").

B.    Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendant fails to comply with the terms this Decree.

C.    Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute.

D.    This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may exist or may later arise against Defendant other than the charges giving rise to this Action.

## IV.   JURISDICTION

A.    The Court has jurisdiction over the Parties and the subject matter of this Action.  The Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.

B.    The terms and provisions of this Decree are fair, reasonable, and adequate.

C.    This Decree conforms to the Federal Rules of Civil Procedure and Title VII and does not derogate the rights or privileges of any person.

D.      Entry of this Decree will further the objectives of Title VII and will be in the best interest of the Parties.

E.      The Court shall retain jurisdiction over this Action for the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to fully implement the relief provided herein.

F.      Defendant represents that as of February 2, 2024, it ceased all operations and has dissolved.  Defendant further represents that it no longer operates in any capacity or employs any individuals to work (directly or through a contractor) as of February 2, 2024.

G.      Defendant also represents that it is completely separate from the following entities: Mike Brucker Ranch Co. aka Brucker Farms, Brucker Investments, LLC, Wood Ranch Farms, LLC, BFT/HFT Farms, LLC, and B-H Farms, LLC  ("Entities") . Defendant further represents that it has no shared control over the Entities and the Entities have no shared control over Defendant, it has no authority in the hiring, firing or disciplinary decisions for any of the employees of these Entities and the Entities have no authority in the hiring, firing or disciplinary decisions for any of the employees of Defendant,  it shares no employees with these Entities, it shares no payroll with these Entities, and it shares no assets or property with these Entities.

H.      The EEOC relies on the foregoing representations to its detriment. Should Defendant or its agents, including but not limited to Michael Brucker, resume operations under any of the Tres Hijas or affiliated business or a successor entity, Defendant shall inform the EEOC within three (3) business days.

I.      In the event of the EEOC's discovery through any means that any of Defendant's representations in this Section are false (or do not continue to be true throughout the pendency of the Decree), the release of the EEOC's claim against Defendant in the Action is rescinded, and the EEOC will pursue all applicable

remedies against Defendant, including but not limited to monetary and injunctive relief, that the court deems appropriate.

## V.    EFFECTIVE DATE AND DURATION OF DECREE

A.    The provisions and agreements contained herein are effective immediately on the date which this Decree is entered by the Court ("Effective Date").

B.    Except as otherwise provided herein, this Decree shall remain in effect three (3) years from the Effective Date or until the following conditions are met: (1) the State of California finally approves the dissolution of Defendant, (2) Defendant pays the Settlement Fund as indicated in Section VII.A., and (3) all money is distributed to the Claimants as indicated in Section VII.B.

## VI.    COMPLIANCE AND DISPUTE RESOLUTION

A.    The EEOC may review Defendant's compliance with any provision of this Decree.  The EEOC may request copies of such documents from Defendant to confirm Defendant's compliance.  Defendant will comply with any such request to review within thirty (30) calendar days of the EEOC's request.

B.    If the Commission has reason to believe that Defendant has in any way failed to comply with any provision of this Decree, the Commission may bring a motion before this Court to enforce the Decree.  Before filing such a motion, the Commission shall notify Defendant of the nature of the dispute.  This notice shall specify the particular provision(s) with which the Commission believes Defendant has failed to comply.  Absent a showing that the delay will cause irreparable harm, Defendant shall have thirty (30) calendar days from the date of notice ("Dispute Resolution Period") to attempt to compliance.  After thirty (30) days have passed, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree and/or any other relief the court deems appropriate.

C.     The Parties agree to cooperate with each other and use their best efforts to resolve any dispute raised by the EEOC.

D.     Where there is a showing that a Dispute Resolution Period will cause irreparable harm, the Commission may immediately initiate an enforcement action in this Court, seeking all available relief, including an extension of the duration of the Decree and/or any other relief the Court deems appropriate.

## VII.   MONETARY RELIEF

A.     In settlement of this lawsuit, Defendant shall pay a total settlement amount  of $200,000.00 ("Settlement Fund") in monetary relief to be distributed, at the sole discretion of the EEOC, amongst the Claimants identified by the EEOC to Defendant.

B.     The EEOC shall provide a distribution list(s) to Defendant for the distribution of monies to the Claimants. Defendant will issue checks and mail the checks  to the Claimants  per the EEOC's distribution within five (5) business days from the date the EEOC provides a distribution list to Defendant.

C.     Defendant will prepare and distribute a Form 1099 tax reporting forms to each Claimant pursuant to the IRS rules and regulations.  Defendant shall be solely responsible for any costs associated with the issuance and distribution of the 1099 tax reporting forms to each Claimant.  The EEOC has designated the damages to be solely for emotional distress and non-wage damages under Title VII.

D.     Within five (5) calendar days after mailing any payment to the Claimants, Defendant will submit a copy of the checks to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 E. Temple Street, 4th Floor, Los Angeles, California 90012.

E.     Defendant Tres Hijas Berry Farms, LLC's Owner Michael Brucker ("Mike Brucker") has executed a personal guarantee (or lien on property) to guarantee satisfaction of this settlement.

F.      EEOC detrimentally relied on Defendant's representations of its financial condition and operations in agreeing to this settlement amount. Defendant has provided EEOC with documentation regarding its financial condition, timeline for closure of the operations, and information regarding the ownership of company entities identified by the EEOC during the mediation on October 23, 2023.

## VIII.  GENERAL INJUNCTIVE RELIEF

### A.      Non-Discrimination and Non-Retaliation

#### 1.      Non-Discrimination

Defendant, its directors, officers, agents, management (including all supervisory and lead employees), successors, assigns, and all those in active concert or participation with them, or any of them, shall be enjoined from engaging in employment practices in violation of Title VII. Such employment practices include:

(a)   discriminating against persons in violation of Title VII, including by engaging in or failing to remedy or correct harassment;

(b)   engaging in or becoming a party to any action, policy or practice that discriminates against any person in violation of Title VII, including by engaging in or failing to remedy or correct harassment; or

(c)   creating, facilitating, or permitting a hostile work environment in violation of Title VII, including on the basis of sex.

#### 2.      Non-Retaliation

Defendant, its directors, officers, agents, management (including all supervisory and lead employees), successors, assigns, and all those in active concert or participation with them, or any of them, shall be enjoined from engaging in, implementing, or permitting any action, policy or practice that retaliates against any current or former employee or applicant because he or she has:

(a)   opposed any practice that he or she believed to be discriminatory, harassing, or retaliatory;

(b)   filed a charge with the EEOC alleging such a practice;

(c)   testified or participated in any manner in any investigation (including any internal investigation undertaken by Defendant) in connection with this case and/or relating to any claim of a Title VII violation;

(d)   been identified as a possible witness or claimant in this Action or in any other legal action alleging a Title VII violation;

(e)   asserted any rights under this Decree; or

(f)   sought and/or received any relief in accordance with this Decree.

## IX.   SPECIFIC INJUNCTIVE RELIEF

### A.   **Defendant's Operations and Specific Injunctive Relief**

Defendant represents that it is no longer conducting business and does not intend to start conducting business for the duration of the Decree. Therefore, provisions of Sections IX, X, and XI shall not apply unless Defendant resumes operations during the term of the Decree or a successor entity or company under the control of Mike Brucker resumes operations during the term of the Decree. Should Defendant resume operations during the term of the Decree, a successor entity or company under the control of Mike Brucker resumes operations, Defendant shall notify the EEOC withing three (3) business days.  Upon resuming operations, Defendant shall comply with the provisions of the Decree for the duration of the Decree.  The Effective Date triggering all of Defendant's duties and obligations under the Decree shall be the date upon which Defendant notifies the EEOC that it has begun renewed operations.

### B.   **Posting**

Within ten (10) calendar days after the Effective Date and throughout the term of this Decree, Defendant shall post the notice (attached as "Exhibit A") of the terms of this Decree in clearly visible locations frequented by its employees at

its facilities in English, Spanish, and any other language commonly spoken by its workforce.  The postings shall remain posted for the duration of this Decree.

**C.**   **Equal Employment Opportunity Monitor**

Within thirty (30) calendar days after the Effective Date, Defendant shall appoint attorney Rob Roy to serve as an external Equal Employment Opportunity Monitor ("Monitor") to monitor Defendant's compliance with Title VII and this Decree.  Defendant shall bear all costs associated with the selection and retention of the Monitor and the performance of the Monitor's duties. The Parties agree that the Monitor shall waive all privileges as to the Monitor's responsibility within the scope of this Decree.  For the term of the Decree, the Monitor's responsibilities shall include:

1.   Reviewing and revising Defendant's policies and procedures, including its complaint procedures relating to discrimination, harassment, and retaliation, to ensure they fully comply with Title VII and all requirements set forth in this Decree;

2.   Ensuring that all employees, including management, supervisory, and human resources employees, are trained regarding their rights and responsibilities under Title VII and this Decree, including the responsibility to provide a workplace free of discrimination, harassment, and retaliation;

3.   Ensuring that all employees, including management, supervisory, and human resources employees, are trained on Defendant's revised policies and procedures relating to discrimination, harassment, and retaliation;

4.   Ensuring that all human resources employees have the skill level to effectuate the requirements of Title VII and of this Decree;

5.   Conducting investigations of all complaints of discrimination, harassment, or retaliation to ensure compliance with Title VII and this Decree;

6.   Ensuring that Defendant properly communicates with complainants as required by this Decree;

7. Ensuring that Defendant properly documents and creates a centralized system of tracking discrimination, harassment, and retaliation complaints, as required by this Decree;

8. Ensuring that Defendant's performance and discipline policies hold employees and managers, including human resource personnel, accountable for failing to take appropriate action regarding complaints of discrimination, harassment, or retaliation, or for engaging in conduct prohibited under Title VII or this Decree;

9. Reviewing prior complaints of sexual harassment and/or retaliation made in the previous 300 days to ensure all complaints were properly addressed, in scope and thoroughness, and in full compliance with the requirements of Title VII and this Decree.

10. Conducting audits, as set forth below, to ensure that Defendant's employees, managers, supervisors, and leads are held accountable and to reinforce Defendant's zero tolerance policy with respect to discrimination, harassment and/or retaliation;

11. Preparing a semi-annual report on Defendant's compliance with Title VII and this Decree for the EEOC's review;

12. Ensuring that Defendant accurately compiles and timely submits all reports by required this Decree; and

13. Monitoring Claimants, Class Members and/or witnesses who participated in this lawsuit and who continue to be employed by Defendant to ensure that they have not been subjected to any retaliation, discrimination, or harassment. The Monitor shall contact these individuals at least every three (3) months;

14. Ensuring that Defendant's Human Resources has an open-door policy and is easily accessible to the employees.

15.     Further ensuring Defendant's full compliance with the spirit and the letter of the terms of this Decree.

**D.     <u>Policies Concerning Discrimination, Harassment and Retaliation</u>**

1.     Within thirty (30) calendar days after the Effective Date, Defendant shall review and revise its policies and procedures on discrimination, harassment, and retaliation ("Final Policies") and its complaint policies and procedures in consultation with the Monitor as described below.

2.     The Final Policies shall:

(a)     include a clear explanation of prohibited conduct in violation of Title VII, including on the basis of sex, including examples;

(b)     include a complete copy of the final internal Complaint Procedure described below in Section IX(F);

(c)     clarify what steps management must take if they witness and/or become aware of complaints of discrimination, harassment, or retaliation; and

(d)     apply to all workers, whether direct employees or temporary workers placed to work with Defendant by an outside entity (see Section IX(M), below).

3.     The Final Policies shall also include assurances that Defendant:

(a)     will hold all employees, including management, supervisory, lead and human resources employees, accountable for engaging in conduct prohibited under Title VII or this Decree;

(b)     will hold all management, supervisory, lead and human resources employees accountable for failing to take appropriate action to address discrimination, harassment, or retaliation and clearly state that management's failure to adhere to the reporting steps will be subject to discipline; and

(c)     has a zero-tolerance policy with respect to discrimination, harassment, and retaliation.

**E.**     **Complaint Procedure**

1.     Within thirty (30) calendar days after the Effective Date, Defendant, in consultation with the Monitor, shall draft, or review and revise its Complaint Procedure as described below.

2.     The Complaint Procedure shall clearly state that:

(a)     employees who believe that they have suffered discrimination, harassment or retaliation may file an internal complaint using Defendant's internal complaint procedure, and/or may file an external complaint to any appropriate person or agency, or both and provide the contact information for the EEOC and state and local Fair Employment Practices (FEP) agencies;

(b)     employees may initiate an internal complaint verbally or in writing to any lead, supervisor, manager or Human Resources personnel, and no special form is required;

(c)     Defendant shall not tolerate retaliation against any employee for use of the internal complaint procedure or any external complaint procedure, for assisting in the investigation of a complaint, or for otherwise assisting in the making of a complaint; and

(d)     if an allegation of discrimination, harassment or retaliation against any employee is substantiated, then such conduct will result in appropriate discipline, up to and including discharge.

3.     The Complaint Procedure shall lay out Defendant's responsibilities, including that Defendant will:

(a)     maintain the confidentiality of the complaint, complainant, and investigation to the fullest extent possible;

(b)     take every reasonable step to promptly resolve complaints;

(c)     promptly commence a thorough investigation that shall be conducted by a person qualified to conduct such investigations;

(d)     interview all relevant witnesses, including the complainant, and review all relevant documents;

(e)     provide an opportunity for the complainant to review and respond to tentative findings, except in those circumstances in which it is necessary to take immediate action;

(f)     communicate with the complainant (preferably in writing) regarding the status of the complaint, investigation, results of the investigation and any remedial action taken; and

(g)     track investigations and maintain written records of all investigatory steps, any findings or conclusions of the investigation and any remedial actions taken.

4.     The Complaint Procedure shall also provide an appeal procedure to an appropriate Defendant representative and the Monitor, should the complainant be dissatisfied with the results of an internal investigation. The Monitor will review the internal investigation and/or may reopen the investigation.

5.     The Complaint Procedure shall be provided in English, Spanish, and any other language commonly spoken by its workforce.

6.     The Complaint Procedure shall NOT require that the complainant:

(a)     confront his or her harasser;

(b)     file an internal complaint;

(c)     initiate the complaint process only by submitting a written complaint; or

(d)     initiate the complaint process only by communicating in English.

7.     Defendant shall confidentially follow-up with every complainant three months, six months, and twelve months after final resolution of the complaint to inquire whether the complainant believes that he or she has been further discriminated, harassed, and/or retaliated against, and, if so, Defendant shall investigate any further allegations of discrimination, harassment, and/or retaliation.

8.     Defendant's Human Resources shall have an open-door policy and shall be easily accessible to the employees.  Human Resources representatives shall be available to receive complaints from the employees during normal business working hours (including weekends and night shifts) with or without appointments.

9.     Defendant shall provide its toll-free complaint hotline ("Hotline") and online complaint process (described in §IX(H), *infra*).  Defendant shall also publicize the EEOC's general toll-free number: (800) 669-4000.

10.    The Monitor shall track all complaints filed under the revised internal complaint procedures and retain records regarding investigation and resolution of all such complaints, including but not limited to those complaints made through the Hotline.  The Monitor shall also ensure that Defendant publicizes the revised internal complaint procedures, including the Hotline, and shall monitor Defendant's investigation and resolution of any complaints made.

**F.     Finalizing and Distribution of Final Policy and Complaint Procedure**

1.     Within thirty (30) calendar days after the Effective Date, Defendant shall provide the Commission with a copy of the above-described Final Policy including the revised internal Complaint Procedure described above in Section IX(F).

2.     Upon receipt, the EEOC shall have thirty (30) calendar days to review and/or comment on the revised Final Policy.

3.     If the EEOC does not provide comment within thirty (30) calendar days of receiving the revised Final Policy, Defendant shall on an annual basis distribute the Final Policy, including the revised internal Complaint Procedure described above in Section IX(F), to all employees, including management, supervisory, lead and human resources employees.  Defendant shall have each employee who receives a copy of the Final Policy sign a form acknowledging receipt.

4.     Throughout the term of this Decree, Defendant shall post the Final Policy, including the revised internal Complaint Procedures described above in Section IX(F), in a clearly visible location frequented by employees and in a language commonly understood by Defendant's workforce.

5.     Defendant agrees to submit to the EEOC any revisions to their Policies and Procedures concerning discrimination, harassment, and/or retaliation at least fifteen (15) days prior to the proposed change.

**G.     <u>Complaint Log</u>**

Within forty-five (45) calendar days of the Effective Date, Defendant shall establish a Complaint Log, in consultation with the Monitor, for centralized tracking of all complaints regarding discrimination, harassment or retaliation and the monitoring of such complaints to prevent retaliation. The Complaint Log will include every complaint received by Defendant whether internal, external, verbally, in writing, to the Hotline, or to the online portal.  This system shall be searchable by name of complainant, alleged perpetrator, client, and by location(s) of alleged misconduct, and shall contain, for each complaint or investigation of sexual discrimination, harassment, or retaliation, at least the following information:

(a)     name(s), job title(s), date(s) of employment, and job status (temporary or permanent) of the complainant(s) and any other potential aggrieved individual(s);

(b)     name(s), job title(s), date(s) of employment, and job status (temporary or permanent) of the alleged perpetrator(s);

(c)     date(s), location(s) (including department), and nature of the complaint;

(d)     a summary of the allegations;

(e)      a description of how Defendant learned of the complaint, including whether the complaint was first directed to a Staffing Agency or Defendant, whether the complaint was first made to a manager, human resources employee, or via the Hotline, and the date the complaint was reported to Defendant's Human Resources department;

(f)     date complaint was made and, if applicable, the date a Staffing Agency provided notice of the complaint to Defendant;

(g)     a timeline and description of actions taken in response to the complaint, including the investigation of the complaint and final determination of the investigation;

(h)     corrective action taken, if any;

(i)     whether the alleged perpetrator has been accused of or disciplined for harassing behavior before; and

(j)     name(s), job title(s), and employer of each individual involved in receiving the complaint(s), the ensuing investigation(s), and/or the final determination(s).

**H.     Training**

1.     Non-Management Training. Defendant's non-management employees shall be required to attend a live, interactive training program of at least one hour regarding discrimination, harassment, and retaliation (the "Non-Management Training").  The Non-Management Training under this section shall include review of federal employment anti-discrimination laws; employees' rights and responsibilities under Title VII and this decree; Defendant's Final Policy and

procedures for reporting and handling complaints of harassment, discrimination, and retaliation; and must include bystander training which shall develop employees' understanding of the types of conduct that constitute harassment, encourage and prepare them to act when they witness harassing and/or discriminatory behavior and to support targets of harassment, and inform employees about the virtues of bystander intervention and the importance of remaining respectful in all workplace interactions. The training shall provide examples of the prohibited conduct to ensure understanding by the employees. All training shall be designed to effectively teach adult learners, and will be conducted by the Monitor. The live, interactive Non-Management Training shall be mandatory and shall occur once every year for the term of this Decree.

The first Non-Management Training shall occur within ten (10) calendar days after EEOC's comments on the training curriculum, as described in Section IX(J)(11) below, or after sixty (60) calendar days from the Effective Date, whichever is later. Any employee who fails to attend any scheduled live, interactive Non-Management training shall be trained within thirty (30) calendar days of the live training set forth above or thirty (30) calendar days of their start date if they begin their employment after the training has occurred for that year.

2. <u>Management Training</u>. Defendant's managerial, supervisory, and lead employees shall be required to attend a live, interactive training of at least two hours by the Monitor once every six months for the term of this Decree (the "Management Training"). The Management Training under this section shall include review of federal employment anti-discrimination laws; employees' rights and responsibilities under Title VII and this decree; and Defendant's Final Policy and procedures for reporting and handling complaints of harassment, discrimination, and retaliation. The Management Training shall also include training on how to properly handle and investigate complaints of discrimination, harassment, and retaliation in a fair and neutral manner; how to take preventive

and corrective measures against discrimination, harassment, and retaliation; how to recognize and stop discrimination, harassment, and retaliation; and effective responses and/or investigations. The Management Training shall include role playing on how to handle scenarios and emphasize accountability of management. The Management Training must also include bystander training which shall develop employees' understanding of the types of conduct that constitute harassment, encourage and prepare them to act when they witness harassing and/or discriminatory behavior and to support targets of harassment, and inform employees about the virtues of bystander intervention and the importance of remaining respectful in all workplace interactions All Management Training shall be designed to effectively teach adult learners, and will be conducted by the Monitor.

The first Management Training shall occur within ten (10) calendar days after EEOC's comments on the training curriculum, as described in Section IX(J)(11) below, or after sixty (60) calendar days from the Effective Date, whichever is later.  Any employee who fails to attend any scheduled training shall be trained within (30) calendar days of the live training set forth above or thirty (30) calendar days of their promotion/hire date if they begin their employment as a supervisor after the training has occurred for that year.

3.     HR Training.  All Human Resources employees shall be required to attend a live, interactive training of at least three hours by the Monitor once every six months for the term of this Decree (the "HR Training").  The HR Training under this section shall include review of federal employment anti-discrimination laws; employees' rights and responsibilities under Title VII and this decree; and Defendant's Final Policy and procedures for reporting and handling complaints of harassment, discrimination, and retaliation.  The HR Training shall also include how to investigate complaints of discrimination, harassment, and retaliation; how to take preventative and corrective measures against discrimination, harassment,

and retaliation; and how to recognize and stop discrimination, harassment and retaliation; and focus on effective responses and/or investigations and include role playing on how to handle scenarios and emphasize accountability of management and human resource personnel.  The HR Training must include bystander training which shall develop employees' understanding of the types of conduct that constitute harassment, encourage, and prepare them to act when they witness harassing and/or discriminatory behavior and to support targets of harassment, and inform employees about the virtues of bystander intervention and the importance of remaining respectful in all workplace interactions.  All HR Training shall be designed to effectively teach adult learners, and will be conducted by the Monitor.

The first HR Training shall occur within ten (10) calendar days after EEOC's comments on the training curriculum, as described in Section IX(J)(11) below, or after sixty (60) calendar days from the Effective Date, whichever is later.  Any employee who fails to attend any scheduled training shall be trained within (30) calendar days of the live training set forth above or thirty (30) calendar days of their promotion/hire date if they begin their employment in HR after the training has occurred for that year.

4.     Defendant's CEO or another high-ranking executive shall participate at all of the trainings mentioned above (i.e. Non-Management Training, Management Training, HR Training, and Bystander Training) to demonstrate that Defendant takes the trainings seriously.

5.     Within thirty (30) calendar days of the date of hire, for the remainder of the term of this Decree, every new employee, including non-managerial, managerial, supervisory, lead, and human resources employees, shall receive the appropriate trainings described above.

6.     Within thirty (30) calendar days of the date of promotion, for the remainder of the term of this Decree, every employee promoted from a staff

position to a managerial, supervisory lead or human resources position shall receive the above-described Management and/or HR Training.

7.      Any employee required to attend any training under this Decree shall verify in writing his or her attendance at each training.

8.      Within thirty (30) calendar days after the Effective Date, Defendant shall submit to the EEOC a description of the trainings to be provided and an outline of the curriculum developed for the trainees.

9.      Upon receipt, the EEOC may provide comment within thirty (30) calendar days regarding any necessary revisions to the training.

10.     Defendant shall give the EEOC a minimum of twenty (20) calendar days advanced written notice of the date, time and location of each training provided pursuant to this Decree.  An EEOC representative may attend any such training, at the sole discretion of the EEOC.

**I.      <u>Performance Evaluations for EEO Compliance</u>**

1.      For the upcoming review cycle, Defendant shall revise its performance evaluation forms for managers, supervisors, leads, and human resource personnel to include a measure for performance on compliance with Defendant's discrimination, harassment and retaliation policy and procedures.  If a supervisor or manager receives notice of behavior that violates Defendant's harassment prevention or prohibition on retaliation policy, and takes no action to end it or report it, that failure will be a consideration in the evaluation. Defendant shall also subject the manager or supervisor to appropriate corrective action.

2.      At least thirty (30) calendar days prior to implementing the performance evaluation forms described above, Defendant shall provide the EEOC with the proposed revisions in order to provide the Commission with an opportunity for comment.

3.      Defendant shall report to the EEOC in the annual report as set forth below if it held supervisors/managers accountable for not reporting

complaints of discrimination, harassment and/or retaliation and if it rewarded those supervisors/managers who reported such conduct in accordance with its procedures.

**J.    Relationship with Staffing Agencies**

Defendant will provide its policies and procedures compliant with Sections IX(E)-(F) of this Decree to all employees placed by any outside entity it uses for staffing needs ("Staffing Agencies") no more than five (5) calendar days after their initial assignment.  In accordance with Section IX(E)-(F), Defendant's policies and procedures shall state that: (i) workers placed to work with Defendant by staffing agencies can complain to Defendant regarding alleged discrimination, harassment and/or retaliation by Defendant's employees; and (ii) complaints of discrimination, harassment and/or retaliation will not negatively impact a Staffing Agencies worker's opportunity to be considered and/or hired for another assignment.  Defendant will work with the EEO Monitor to develop and/or evaluate protocols to ensure that there are proper mechanisms for handling complaints raised by workers placed to work with Defendant by Staffing Agencies and to ensure that Staffing Agencies are informed of complaints of discrimination, harassment and/or retaliation when raised by workers placed to work with Defendant.  Workers from staffing agencies shall be informed upon placement that they can report allegations of discrimination, harassment, and/or retaliation through the online complaint process and/or the Hotline.

Defendant agrees to require Staffing Agencies to provide Defendant, semiannually during the duration of this Decree, with a statement attesting that employees placed to work with Defendant are timely receiving notice of Defendant's policies and procedures as described in Sections IX(E)-(F).  Copies of the Staffing Agencies' attestations will be provided to the EEO Monitor who, in turn, shall report on Defendant's compliance with this obligation in its semi-annual reports.

## X.     RECORD-KEEPING

Defendant shall work with the Monitor to establish a record-keeping procedure that provides for the centralized tracking of discrimination, harassment and retaliation complaints and the monitoring of such complaints to prevent retaliation.  The records to be maintained shall include:

A.     all documents generated in connection with any complaint, including documents relating to all investigations or resolutions of any complaints and the identities of all witnesses identified by the complainant and/or through Defendant's investigation;

B.     all forms acknowledging employees' receipt of Defendant's revised anti-discrimination, anti-harassment, and anti-retaliation policy; and

C.     all documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

D.     all documents generated in connection with the monitoring, counseling, and disciplining of employees whom Defendant determined to have engaged in behavior that may be discriminatory, harassing and/or retaliatory;

E.     all documents generated in connection with Defendant's confidential follow-up inquiries into whether any complainant believes he or she has been retaliated against;

F.     all documents generated in connection with the establishment or review of performance evaluation measures for leads, supervisors, and managers; and regarding whether Defendant held leads, supervisors, or managers accountable for not reporting complaints of discrimination, harassment and/or retaliation, and/or rewarded those leads, supervisors, or managers who reported such conduct in accordance with its reporting process; and

G.     all records otherwise required to be maintained by law.

Defendant shall make the aforementioned records available to the EEOC within ten (10) calendar days following a written request by the EEOC.

## XI.   REPORTING

In addition to the notice and reporting requirements above, Defendant shall provide the following reports to the EEOC in writing by mail or e-mail:

A.    Within ninety (90) calendar days after the Effective Date, Defendant shall submit to the EEOC an initial report containing:

1.    a copy of the Final Policy on anti-discrimination, anti-harassment, and anti-retaliation, including the final complaint procedures;

2.    a summary of the procedures and record-keeping methods developed with the Monitor for centralized tracking of discrimination, harassment and retaliation complaints and the monitoring of such complaints;

3.    a copy of all prior sexual harassment and retaliation complaints made in the previous 300 days, investigated or resolved, including the names of the complainants; the nature of the complaint; the names of the alleged perpetrators of discrimination, harassment or retaliation; the dates of the alleged harassment or retaliation; a brief summary of how each complaint was resolved; and the identity of each of Defendant's employee(s) who investigated or resolved each complaint and the identity and most recent contact information for each witness identified by the complainant and/or investigation;

4.    a statement confirming that the review of the prior complaints of sexual harassment and/or retaliation as identified in Section IX(C)(9) has been completed and a summary of any changes to Defendant's policy and/or procedures to address issues, if any that were identified through the review; and

5.    a statement confirming that the required notices pertaining to this Decree and the Final Policy regarding anti-discrimination, anti-harassment and anti-retaliation have been posted;

6.    a statement confirming all training has been completed;

7.     a statement confirming that Defendant has complied with Section VIII, "Claimant Specific Injunctive Relief"; and

8.     a statement confirming whether Defendant held leads, supervisors, and managers accountable for not reporting complaints of sexual harassment and/or retaliation and/or rewarded those leads, supervisors, and managers who reported such conduct in accordance with its reporting process.

B.     Defendant shall also provide the following reports semi-annually throughout the term of this Decree:

1.     complete employee list, including start date and job title;

2.     complete attendance lists for all training sessions required under this Decree that took place during the previous six months;

3.     a description of all discrimination, harassment and retaliation complaints made, investigated or resolved in the previous six months, including the names of the complainants; the nature of the complaint; the names of the alleged perpetrators of discrimination, harassment or retaliation; the dates of the alleged harassment or retaliation; a brief summary of how each complaint was resolved; and the identity of each of Defendant's employee(s) who investigated or resolved each complaint and the identity and most recent contact information for each witness identified by the complainant and/or investigation;

4.     an analysis of the monitoring done when more than one complaint is filed by or against a particular employee, as well as any investigation or resolution; and

5.     a report on the results of the audits and the actual audits specifically outlining which locations were visited, what was observed, who was interviewed, and what course of action, if any, was taken.

C.     Defendant shall submit a report to the EEOC detailing any planned changes to the Final Policy, procedures, and/or record-keeping methods for complaints at least thirty (30) calendar days prior to implementing such changes.

## XII.   COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree.

## XIII.  COSTS AND ATTORNEYS' FEES

Each Party shall bear its own costs of suit and attorneys' fees.

## XIV.  MODIFICATION AND SEVERABILITY

A.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each Party.

B.     If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes.  If the Parties are unable to reach agreement, the Court shall order the appropriate alternative provisions necessary to effectuate the purposes of the Decree.  Should one or more provisions of this Decree be deemed unlawful, all other provisions shall remain in full force and effect.

## XV.   MISCELLANEOUS PROVISIONS

A.     During the term of this Decree, Defendant shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) calendar days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.     During the term of this Decree, Defendant and its successors shall ensure that each of its directors, officers, human resource personnel, managers,

supervisors, and leads is aware of any term(s) of this Decree which may be related to his/her job duties.

C.     Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

D.     The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

## XVI.  EEOC'S REPORTING REQUIREMENTS UNDER IRS SECTIONS 162(f) AND 6050X

The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes.  If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

1.     Within ten (10) business days of the signing of this Decree, Defendant agrees to provide the EEOC with (1) the Defendant's EIN and (2) the individual and physical address to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one.  This identified individual must be an employee of Defendant.

2.     The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

3.     The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

4.     Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

5.      The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

**XVII. COUNTERPARTS AND FACSIMILE SIGNATURES**

This Decree may be signed in counterparts.  A facsimile signature shall have the same force and effect of an original signature or copy thereof.

All Parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dated: June 25, 2024       By:  */a/ Anna Y. Park*

Anna Y. Park, Regional Attorney
Attorney for Plaintiff EEOC

TRES  HIJAS BERRY FARMS, LLC

Dated: June 25, 2024       By:  */s/ Brier Miron Setlur*

Brier Miron Setlur
LightGabler LLP
Attorney for Defendant

Dated: June 25, 2024       By:  */s/ Michael Brucker*

Michael Brucker
Owner of Defendant
Tres Hijas Berry Farms, LLC

1

**ORDER**

2          The provisions of the foregoing Consent Decree are hereby approved and

3   compliance with all provisions thereof is HEREBY ORDERED.

4

5   Date:  June 27, 2024          _____

6                                MICHAEL W. FITZGERALD
                                 United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## <u>NOTICE OF SETTLEMENT AND CONSENT DECREE</u>

TO:        ALL EMPLOYEES

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the Central District of California against Tres Hijas Berry Farms, LLC, Case Number 2:22-CV-01919-MWF-Ex.  EEOC filed this lawsuit alleging that employees were subjected to sexually hostile work environment, constructive discharge, and/ or subjected to retaliation.  Tres Hijas Berry Farms, LLC settled the case by entering into a "Consent Decree" with EEOC and paying $200,000.00 in monetary relief to victims identified by the EEOC.  In the Consent Decree, Tres Hijas Berry Farms, LLC agrees to various types of injunctive remedies including ensuring that policies and procedures against sexual harassment conform to Title VII; hiring an outside monitor to oversee compliance with Title VII; training employees regarding sexual harassment; creating a centralized system of tracking complaints; and providing EEOC with periodic reporting regarding the injunctive remedies.

Under the Consent Decree, employees are being given notice that any violations of Tres Hijas Berry Farms, LLC's policies against harassment and discrimination will be thoroughly investigated.  Individuals found to have violated that policy will be subject to discipline up to and including termination of employment.  All employees will undergo training to correct and prevent unlawful harassment and discrimination towards employees.

Federal law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion, or national origin, with respect to hiring, compensation, promotions, discharge, terms and conditions or privileges of employment.  Federal law also prohibits retaliation for those who oppose or resist harassment or discrimination or participate in investigations regarding complaints of discrimination.

Tres Hijas Berry Farms, LLC is committed to complying with federal anti-discrimination laws in all respects.  Sex harassment or discrimination will not be tolerated.  Any employee who files a complaint or formal charge of discrimination, gives testimony or assistance, or participation in any manner in any investigation will be protected from retaliation.

If you believe that you have been sexually harassed, discriminated against because of your sex, national origin, age, race, color, religion, or disability, you may follow Tres Hijas Berry Farms, LLC's procedures and/or you may seek assistance from:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA  90012-3332
TELEPHONE NUMBER: (213) 785-3090